MCGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. F. NO. 05-00487 AWI |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| v. | ) | UNDER RULE 11(c) OF THE |
| | ) | FEDERAL RULES OF CRIMINAL |
| | ) | PROCEDURE |
| | ) | |
| REED DANIEL FRANCIS, | ) | Date: March 27, 2006 |
| | ) | Time: 9:00 a.m. |
| | ) | Place: Courtroom Two |
| Defendant. | ) | Honorable: Anthony W. Ishii |
| | ) | |

Under Rule 11(c) of the Federal Rules of Criminal Procedure,
the United States of America, by and through McGregor W. Scott,
the United States Attorney for the Eastern District of
California, and Assistant United States Attorney David L. Gappa,
has agreed with defendant Reed Daniel Francis, and his attorney,
Robert W. Rainwater, as follows:

1.  Charge.

The defendant acknowledges that he has been charged in an
indictment with Use of a Facility of Interstate Commerce to

1

Induce a Minor to Engage in Criminal Sexual Activity in violation
of Title 18, United States Code, Section 2422(b). The defendant
will plead guilty to the charge in the indictment.

    2.   Nature, Elements and Possible Defenses.

    The defendant has read the charge against him contained in
the indictment, and that charge has been fully explained to him
by his attorney. Further, the defendant fully understands the
nature and elements of the crime charged in the indictment to
which he is pleading guilty, together with the possible defenses
thereto, and he has discussed them with his attorney.

    The elements of the crime of Use of a Facility of Interstate
Commerce to Induce a Minor to Engage in Criminal Sexual Activity,
as alleged in the indictment, are as follows:

> (1)   The defendant used any facility or means
>       of interstate or foreign commerce;
>
> (2)   To knowingly attempt to persuade,
>       induce, entice, or coerce;
>
> (3)   An individual who had not attained the
>       age of 18 years;
>
> (4)   To engage in sexual activity for which any person
>       could be charged with a criminal offense.

    3.   Agreements by the Defendant.

    (a) Defendant agrees that this plea agreement shall be filed
with the court and become a part of the record of the case.

    (b) Defendant agrees to enter a plea of guilty to the charge
in the indictment which charges him with Use of a Facility of
Interstate Commerce to Induce a Minor to Engage in Criminal

2

Sexual Activity, in violation of Title 18, United States Code, Section 2422(b).

(c)   Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the sentencing recommendations of the parties.

(d)   Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, and sentence.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742.  The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, preserves his right to directly appeal any sentence greater than the statutory minimum of five years.

(e)   The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f)   The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations

3

(including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(g) The defendant agrees that the sentencing court must consult the United States Sentencing Commission's Guidelines when sentencing the defendant in this case, but these sentencing guidelines are advisory and not mandatory.

(h) If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(i) The defendant agrees that a term of supervised release of five years is one component of a "reasonable sentence."

///

///

///

4

4.    <u>Agreements by the Government</u>.

(a)    The government will recommend a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b)    The government agrees to recommend that the defendant be sentenced to imprisonment for the statutory minimum term of imprisonment of sixty (60) months.

(c) The government will not argue for a fine as part of the defendant's sentence.

(d) The government will recommend a term of supervised release of sixty (60) months.

6.    <u>Factual Basis</u>.

Defendant will plead guilty because he is in fact guilty of the crime set forth in the indictment.  Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> On or about and between November 15, 2005, to and including November 17, 2005, in the Eastern District of California, and elsewhere the defendant knowingly attempted to persuade, induce, entice, or coerce an individual, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense.  Specifically, the defendant engaged in multiple online chat sessions with persons whom the defendant believed to be a thirteen (13) year-old girl, and these chat sessions included graphic discussions of specific sexual activities in which the defendant wished to engage with the minor. Several of these sexual activities, had they actually

5

occurred, could have resulted in the defendant's criminal prosecution under California law.  In fact, however, the defendant was communicating with one or more persons, including law enforcement officials, who were acting in an undercover capacity.

7.   Potential Sentence.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.  Further, he understands that the court may choose a sentence above or below the applicable guideline range depending on the aggravating or mitigating facts of the defendant's case, but the Court will not be able to impose a sentence below the statutory minimum term of five (5) years imprisonment.  The following are the potential penalties that the defendant faces:

**Violation of 18 U.S.C. § 2422(b): Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity:**

> (a).   Imprisonment.
>
> > Maximum: Thirty (30) years.
> > Minimum: Five (5) years.
>
> (b). Fine.
>
> > Maximum: Two Hundred
> > Fifty Thousand Dollars
> > ($250,000).
>
> (c). Both such fine and imprisonment.
>
> (d). Term of Supervised Release.
>
> > Lifetime

6

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

(e). Penalty Assessment:

Mandatory: One Hundred Dollars ($100).

8.   Waiver of Rights.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)   If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  Defendant has a right to a jury trial.  But in order that the trial be conducted by a judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)   If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent

7

and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel.  If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8

9.   Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.


10.   Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.  There have been no representations or promises from anyone as to what sentence this Court will impose.


11.   Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6.  Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.


12.   Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an

9

1 | independent investigation of defendant's activities and his
2 | background. It will then prepare a presentence report which it
3 | will submit to the Court as its independent sentencing
4 | recommendation. In addition, the government will fully apprise
5 | the Probation Office, as well as
6 |
7 | the Court, of the full and true nature, scope and extent of the
8 | defendant's criminal activities, including information on his
9 | background and criminal history.
10
11 |                                    MCGREGOR W. SCOTT
12 |                                    United States Attorney
13 | DATED: 3/23/06              By     _____
                                       DAVID L. GAPPA
14 |                                    Assistant U.S. Attorney
15 | DATED: 3-17-06                     _____
16 |                                    REED DANIEL FRANCIS
                                       Defendant
17 | DATED: 3/22/06
18 |                                    _____
                                       ROBERT W. RAINWATER
19 |                                    Attorney for Defendant
20
21
22
23
24
25
26
27
28

10